UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANDRE BELOUS and ESTATE OF
LENA BELOUS,

      Plaintiffs,

v.                                                                                              Case No. 1:08-CV-227

FIFTH THIRD BANK,                                                            HON. GORDON J. QUIST
FIFTH THIRD BANCORP,

      Defendants.
_____/

## OPINION

Plaintiff, Andre Belous ("Belous"), acting *pro se* and purporting to act as a representative of the Estate of Lena Belous, filed a complaint against Defendant, Fifth Third Bank ("Fifth Third"), on March 6, 2008. Belous requested in his prayer for relief that the Court find that Fifth Third committed "conspiracy under the color of law, extortion, racketeering, fraud, [and] usury" and that he be awarded $1,275,000 in punitive and statutory damages. On April 16, 2008, Belous filed an amended complaint, in which he added Fifth Third Bancorp as a defendant and expanded the scope of his factual allegations.[1] Belous cites diversity of citizenship pursuant to 28 U.S.C. § 1332 as the basis for federal jurisdiction. Fifth Third has filed a motion to dismiss for lack of subject matter jurisdiction, on the basis that Belous and Fifth Third are both citizens of Michigan. Fifth Third has

---

[1] Fifth Third asserts that Belous' amended complaint was improper because it was untimely and filed without leave of court. However, Fed. R. Civ. P. 15(a)(1)(A) states that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Fifth Third has not filed an answer, which is a responsive pleading. Although Fifth Third has filed a motion to dismiss, motions to dismiss are not considered "responsive pleadings" for purposes of Rule 15(a). *See Youn v. Track, Inc.*, 324 F.3d 409, 415 n.6 (6th Cir. 2003). Thus, the amended complaint was properly filed. However, as Fifth Third notes, a summons has not been issued for Fifth Third Bancorp.

also filed an amended motion addressing the amended complaint. For the reasons set forth below, the Court will grant the motion and dismiss the case without prejudice.

## Background

Belous alleges that he owns certain real property located in the Township of Emmett, County of Calhoun, Michigan, and that Fifth Third held a mortgage on the property. He further alleges that Fifth Third foreclosed its mortgage and obtained a Sheriff's Deed in a non-judicial foreclosure sale. He complains about a state court judgment rendered in connection with the foreclosure proceeding (apparently a default judgment for eviction entered on March 3, 2008), asserting that the judgment or order is void because the court lacked jurisdiction. The basis of Belous' claim is not clear, but he makes several references to the Uniform Commercial Code in connection with allegations that the contract was unconscionable, that Fifth Third is not a bona fide holder of the note and mortgage, and that he is an "entitlement holder."

Belous' new claims in his amended complaint, set forth in Counts 2 and 3, relate to a repossessed personal water craft and certain real property in Battle Creek. According to Exhibits F and G to the amended complaint, the personal water craft and real property were security for a note and a line of credit that Belous had with Fifth Third West Michigan. Belous' allegations in Counts 2 and 3 are similar to his allegations in Count 1, insofar as he makes various references to the Uniform Commercial Code and avers that Fifth Third engaged in a "conspiracy under the color of law, extortion, racketeering, fraud, [and] usury." Finally, Belous includes a claim for specific performance, in which he requests that the Court order that Fifth Third's liens against his property be removed and that Fifth Third be compelled to return his property.

**Discussion**

Federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress. *Gross v. Houghland*, 712 F.2d 1034, 1036 (6th Cir. 1983). They are bound to assure that in every case jurisdiction in the federal court is proper, and this is so regardless of whether jurisdiction is challenged by the parties. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31, 110 S. Ct. 596, 607 (1990). Furthermore, the parties cannot confer subject matter jurisdiction where it does not exist. *Sweeton v. Brown*, 27 F.3d 1162, 1168-69 (6th Cir. 1994).

Belous relies upon this Court's diversity jurisdiction, which is set forth in 28 U.S.C. § 1332(a) as follows: "The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity of citizenship "exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). A corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Fifth Third correctly points out that the Court lacks jurisdiction based upon diversity of citizenship because Belous is a citizen of Michigan and Fifth Third, a Michigan corporation, is also a citizen of Michigan. Fifth Third notes that the documents attached to the complaint and amended complaint expressly state that the Fifth Third entity with which Belous did business and which foreclosed on the property is a banking corporation organized under the laws of the State of Michigan. (Am. Compl. Ex. B at 1.) In response, Belous points out that the Sheriff's Deed lists a Cincinnati, Ohio address for Fifth Third. Fifth Third has submitted an affidavit from Stuart A. Best, whose law firm handled the foreclosure. Mr. Best states that the Cincinnati address is merely a

mailing address that Fifth Third uses for a centralized foreclosure department located in Ohio. (Best Aff. ¶ 4, Def.'s Reply Br. Ex. 2.) He further notes that the Belous' mortgage was held by Fifth Third Bank, a Michigan corporation. (*Id.* ¶ 2.) Thus, the fact of a Cincinnati mailing address does not create diversity here. Belous also asserts that Fifth Third is a subsidiary of a Delaware holding company, but this fact is irrelevant for purposes of diversity jurisdiction. In *Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279 (6th Cir. 1990), the Sixth Circuit recognized that the rule treating a subsidiary as separate from its parent corporation for purposes of diversity "applies even where the parent owns all the stock of the subsidiary and exercises close control over its operations." *Id.* at 283. Accordingly, the Court does not have diversity jurisdiction over this matter.

Belous also invokes the rule that because he is proceeding *pro se*, "his pleadings are held to a less stringent standard then those prepared by an attorney" and are liberally construed in his favor. *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (internal quotation marks omitted). Belous accurately states the rule applicable to *pro se* pleadings, but this rule cannot help him establish diversity jurisdiction in this case because it is undisputed that Belous and Fifth Third are both Michigan citizens. However, Belous' invocation of that rule requires some further analysis, because while there is no basis for diversity jurisdiction, Belous' allegations in his amended complaint raise the *possibility* of federal question jurisdiction, even though Belous does not raise the issue himself in response to Fifth Third's motion.

Turning to the amended complaint, Belous makes various references to federal law. For example, in paragraph 9, he claims that Fifth Third's conduct "violated federal laws regarding GAAP." In paragraph 21, he states that Fifth Third "is assisting in making loans of credit with the intent of creating credit as money and laundering bank credit that is received directly and indirectly" and that this activity "is unconstitutional, unlawful, in violation of common law, US Code and the

4

principles of equity." In addition, he says in paragraph 25 that he "may have a claim for relief under Civil RICO Federal racketeering laws (USC Title 18 § 1341 USC Title 18 § 1346)."

Belous' mere references to federal laws and possible causes of action are insufficient to invoke federal jurisdiction.

> In essence, then, we must examine plaintiff's complaint . . . fully cognizant that facts in support of federal jurisdiction must be alleged to support the conclusion of the complaint; that not every question of federal law lurking in the background necessarily places the suit in the class of one arising under the Constitution or laws of the United States, within the meaning of 28 U.S.C.A. § 1331; that the mere assertion of a constitutional right does not confer federal jurisdiction; and that a federal question must exist "not in mere form but in substance, and not in mere assertion, but in essence and effect." *Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 397, 40 S. Ct. 404, 408, 64 L. Ed. 626 (1920).

*Stanturf v. Sipes*, 335 F.2d 224, 230 (8th Cir. 1964). In other words, mere reference to federal constitutional rights and statutes is insufficient to establish federal question jurisdiction. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). Thus, federal question jurisdiction is lacking where the complaint fails to allege facts that could constitute a claim under federal law and merely alleges that a federal question arises under 28 U.S.C. § 1331. *See Lake Lansing Special Protest Ass'n v. Ingham County Bd. of Comm'rs*, 488 F. Supp. 767, 770-71 (W.D. Mich. 1980).

Belous' references to federal law are but mere conclusions that suggest no basis for a federal claim. For example, his references to constitutional rights and actions taken under color of law are irrelevant, given that Fifth Third is a private, not a governmental, entity. Similarly, Plaintiff's belief that he may have a claim under the federal RICO statute does not invoke federal jurisdiction because his allegations do not present a substantial question of federal law. Belous' allegations concern certain loans and mortgages that he had with Fifth Third. To the extent that his allegations can be deemed to allege a cognizable claim, such claim would be limited to a state law claim, not a federal claim. Thus, Belous fails to allege a claim within this Court's jurisdiction under 28 U.S.C. § 1331.

5

**Conclusion**

For the foregoing reasons, the Court will grant Fifth Third's motion to dismiss for lack of subject matter jurisdiction.

An Order consistent with this Opinion will be entered.


Dated:  May 13, 2008                               /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE